**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| GEORGE WAINSCOTT, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:21-cv-194 |
| | : | |
| v. | : | Judge Thomas M. Rose |
| | : | |
| SERVICE EXPERTS HEATING & AIR CONDITIONING LLC, | : | |
| | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION TO COMPEL
ARBITRATION AND TO DISMISS OR OTHERWISE STAY PROCEEDINGS
PENDING ARBITRATION (DOC. NO. 9)**

---

George Wainscott ("Wainscott") brought the instant Complaint (Doc. No. 3) (the "Complaint") against Service Experts Heating & Air Conditioning LLC ("Service Experts"), alleging several causes of action and seeking to certify a class. Presently before the Court is Service Experts' Motion to Compel Arbitration and to Dismiss or Otherwise Stay Proceedings Pending Arbitration (the "Motion"). (Doc. No. 9.) In the Motion, Service Experts argue that Wainscott agreed to arbitrate any dispute pertaining to his lease of equipment from Service Experts. (*Id*.) In response, Wainscott argues that he never signed a lease agreement with Service Experts and, in the alternative, that any such agreement is unconscionable. (Doc. No. 10.) Service Experts argue in reply that Wainscott signed the lease agreement via a unique four-digit identifier and that Wainscott's attack on the agreement in general is insufficient to render the arbitration clause invalid. (Doc. No. 11.) For the reasons discussed below, the Court **DENIES** the Motion.

## I.  BACKGROUND

On June 11, 2021, Wainscott filed his Complaint against Service Experts in the Court of

Common Pleas of Clark County, Ohio.  (Doc. No. 3.)  On July 14, 2021, Service Experts removed this case to the Southern District of Ohio pursuant to 28 U.S.C. § 1332.  (Doc. No. 1 at PageID 2.)

The Complaint alleges that on September 23, 2020, Service Experts visited Wainscott's home to provide estimates on a new furnace, heat pump, hot water heater, and air purification devices (the "Equipment") for the home.  (Doc. No. 3 at PageID 60.)  Wainscott alleges he agreed to have the Equipment installed.  (*Id*.)  During this visit Wainscott alleges that that he signed a credit check authorization, but he did not sign any other documents.  (*Id*.)  Wainscott alleges that he did not enter the type-written name that appears on Service Experts' sales documents.  (*Id*. at PageID 61.)

Wainscott alleges that, two days after the visit, he contacted Service Experts to cancel the installation.  (*Id*.)  Service Experts informed him that the Equipment had already been ordered and he could not cancel the installation.  (*Id*.)  Service Experts installed the Equipment on September 25, 2020.  (*Id*.)  The lease on the Equipment is for a ten-year term, at the end of which Wainscott will not own the equipment.  (*Id*.)

The Complaint alleges violations of the Ohio Consumer Sales Practices Act; fraud in inducement; and, seeks to certify a class.  (Doc. No. 3 at PageID 61-65.)  On August 31, 2021, Service Experts filed the instant Motion pursuant to 9 U.S.C. § 4, arguing that Wainscott agreed to arbitrate any disputes with Service Experts and the Court should order Wainscott to arbitrate this matter.  (Doc. No. 9.)  On September 21, 2021, Wainscott filed his Response and argued that he did not sign an agreement with Service Experts and, even if he had, the agreement is unconscionable.  (Doc. No. 10.)  On October 5, 2021, Service Experts filed its reply.  (Doc. No. 11.)  The Motion is fully briefed and ripe for decision.

## II.    <u>ANALYSIS</u>

### A.  <u>The Federal Arbitration Act</u>

The Federal Arbitration Act (the "FAA") provides that arbitration clauses in commercial contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. If the court determines that the cause of action is covered by an arbitration clause, it must stay the proceedings until the arbitration is completed in accordance with the agreement. 9 U.S.C. § 3. "Before compelling an unwilling party to arbitrate, the court must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *Javitch v. First Union Sec., Inc.*, 315 F.3d 619, 624 (6th Cir. 2003). It is well-established that any doubts regarding arbitrability should be resolved in favor of arbitration. *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 74 L. Ed. 2d 765, 103 S. Ct. 927 (1983)).

State contract law governs the determination of "whether the arbitration clause itself was validly obtained, provided the contract law applied is general and not specific to arbitration clauses." *Fazio*, 340 F.3d at 393 (citing *Doctor's Assocs. v. Casarotto*, 517 U.S. 681, 686-87, 134 L. Ed. 2d 902, 116 S. Ct. 1652 (1996)). "An arbitration agreement may be invalidated for the same reasons for which any contract may be invalidated, including forgery, unconscionability, and lack of consideration." *Casarotto*, 517 U.S. at 687; *Fazio*, 340 F.3d at 393. However, a court can only consider specific challenges to the arbitration clause and not a general challenge to the entire contract, such as a claim that the contract was fraudulently induced. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04, 87 S. Ct. 1801, 18 L. Ed. 2d 1270 (1967); *Aqualucid Consultants, Inc. v. Zeta Corp.*, 721 F. App'x 414, 417 (6th Cir. 2017); *Anderson v. Charter*

3

*Communs., Inc.*, No. 20-5894 2021 U.S. App. LEXIS 17534, at *5, 2021 WL 2396231 (6th Cir. June 11, 2021). The Court may only consider specific attacks on the validity of the arbitration agreement at this stage because the "arbitration provision is severable from the remainder of the contract." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445, 126 S. Ct. 1204, 163 L. Ed. 2d 1038 (2006). Therefore, the Court must make the determination of whether the parties entered into a valid arbitration agreement specifically or whether the arbitration agreement is invalid, for reasons such as fraud or unconscionability, on its own terms. The Court cannot decide, at this stage, whether the agreement as a whole is invalid.

If the validity of an arbitration agreement is "'in issue,' the court must proceed to a trial to resolve the question." *Glass v. Tradesmen Int'l, LLC*, No. 5:19-CV-1331, 2020 U.S. Dist. LEXIS 28088, at *31, 2020 WL 820655 (S.D. Ohio Feb. 19, 2020) (quoting *Great Earth Cos, Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002)); 9 U.S.C. § 4. The court evaluates an effort to compel arbitration in a manner akin to a motion for summary judgment. *Great Earth*, 288 F.3d at 889. Therefore, to show that the validity of an arbitration agreement is in issue, the party opposing arbitration must show that a genuine issue of material fact exists as to the validity of the arbitration agreement. *Goff v. Nationwide Mut. Ins.*, 825 F. App'x 298, 302 (6th Cir. 2020); *Hortonworks, Inc. v. Daher*, No. 2:18-CV-516, 2019 U.S. Dist. LEXIS 29964, at *4, 2019 WL 926027 (S.D. Ohio Feb. 26, 2019).

Wainscott makes two arguments regarding the validity of the arbitration agreement. First, he argues that he orally agreed to the installation of the equipment, but he never signed the lease agreement. (Doc. No. 10 at PageID 121.) Second, he argues that, even if he had signed the lease agreement, it is unconscionable and therefore void. (*Id*. at PageID 124.)

B. **Existence of a Signed Arbitration Agreement**

The Court must first address whether the parties formed a valid arbitration agreement.  A valid arbitration agreement, like a contract, "requires an offer and acceptance that is supported by consideration and is premised on the parties' meeting of the minds as to the essential terms of the contract."  *Glass*, 2020 U.S. Dist. LEXIS 28088, at *32 (citing *Corl v. Thomas & King*, 2006-Ohio-2956, 2006 WL 1629740, at *2 (Ohio Ct. App. 2006)).  Moreover, where there is no valid signature on the contract, an arbitration clause contained therein would not be binding.  *Masco Corp. v. Zurich Am. Ins. Co.*, 382 F.3d 624, 630 n.2 (6th Cir. 2004) ("This is not like a case where, for instance, a contract is void for lack of a valid signature.  In such cases, courts have indicated that an arbitration clause contained in the contract would not be binding."); *Eberhard v. Chi. Title Ins. Co.*, No. 1:11-CV-834, 2012 U.S. Dist. LEXIS 200565, at *30, 2012 WL 13029534 (N.D. Ohio Mar. 31, 2012) (denying motion to compel arbitration where there was no evidence the plaintiffs signed the contract containing the arbitration agreement).  The parties dispute whether Wainscott actually signed the lease agreement.  Moreover, there is no indication that Wainscott could have signed the arbitration agreement separately.  Inherently, if Wainscott did not sign the lease agreement, then he could not have assented to the arbitration agreement and there would be no valid agreement to arbitrate the dispute.

Wainscott argues that he never signed any documentation, other than a credit check authorization, and that his agreement to install the equipment was oral.  (Doc. No. 10 at PageID 121.)  Furthermore, Wainscott argues that he was never provided with any physical documentation and was never given the opportunity to review the terms of the lease agreement, including the arbitration agreement.  (*Id.*)  During the initial estimate, Wainscott states that Service Experts' employee entered his information on a tablet and represented that he would receive a copy of the

lease agreement via email. (*Id.*) Wainscott did not receive copies of the lease agreement, including the arbitration agreement, until the Equipment was actually installed. (*Id.*) Wainscott alleges that he agreed to the installation and that he signed a credit check authorization, but that he did not sign any other documents. (Doc. No. 3 at PageID 60.) Instead, Wainscott argues that he orally agreed to the installation of the Equipment. (Doc. No. 10 at PageID 121.)

Service Experts argues that Wainscott signed the lease agreement, including the arbitration agreement. (Doc. No. 9 at PageID 112.) Specifically, Service Experts states, "[t]he Agreement bears a digital signature from [Wainscott] in the form of a unique identifier number given by [Wainscott], indicating his review and acceptance of the Agreement, including its terms and conditions." (*Id.*) Service Experts suggests the number could be Wainscott's social security number. (Doc. No. 11 at PageID 150.) Service Experts contends that this "unique four-digit number" establishes Wainscott's acceptance. (*Id.*)

Service Experts' contention that Wainscott's electronic signature is manifested by the "unique four-digit number" is undercut by uncertainty. This uncertainty is typified by Service Experts' citation to Ohio Rev. Code § 1306.08(A), which states:

> An electronic record or electronic signature is attributable to a person if it was the act of the person. The act of the person may be shown in any manner, including a showing of the efficacy of any security procedure applied to determine the person to which the electronic record or electronic signature is attributable.

Service Experts have failed to demonstrate that such security procedures capable of attributing the electronic signature to Wainscott were in place or followed here. It appears that Service Experts' own employee entered all of Wainscott's information into a tablet during the initial estimate. Thus, there is nothing before the Court demonstrating Wainscott reviewed any of the information that was being entered onto the tablet, whether the screens on the tablet offered him the opportunity to review the arbitration agreement, or whether Wainscott understood that the "unique four-digit

6

number" constituted his signature and assent to the lease agreement and, therefore, the arbitration agreement. The record, at this time, is unclear as to whether Wainscott actually signed this agreement.

Based on the documents currently before the Court, a genuine issue of fact exists as to whether Wainscott signed the lease agreement. There are no documents showing a physical signature from Wainscott, nor are there any facts demonstrating that Wainscott entered his own name on the lease agreement attached to Service Experts' Answer. (Doc. No. 6-1 at PageID 81.) Therefore, the Court finds that a genuine issue of material fact exists as to the validity of the arbitration agreement.

## C. UNCONSCIONABILITY OF THE CONTRACT

Wainscott further argues that the lease agreement, as a whole, is unconscionable. (Doc. No. 10 at PageID 124.) Specifically, Wainscott argues that the contract is a pre-printed form that offered him no opportunity to review or negotiate the terms. (*Id*. at PageID 124.) He further argues that he was subjected to a "high-pressure, in-home sales pitch" and that he lacks the sophistication to understand contract negotiation. (*Id*. at PageID 125.) Finally, Wainscott argues that the arbitration clause puts him in an unequal position compared to Service Experts. (*Id*. at PageID 126.)

The Court may consider claims regarding the validity of the arbitration agreement itself, but the Court cannot consider a challenge to the validity of the contract as a whole when determining whether a valid agreement to arbitrate exists. *Prima Paint*, 388 U.S. at 402-06; *Masco Corp.*, 382 F.3d at 629. The arbitration agreement is severable from the remainder of the contract, therefore a challenge to the arbitration agreement must be specific to that agreement. *Buckeye*, 546 U.S. at 445.

In this instance, while Wainscott directs some specific arguments to the arbitration agreement, the unconscionability argument attacks the contract as a whole, rather than the arbitration agreement specifically.  Therefore, the Court will not decide, at this time, whether the contract as a whole is unconscionable, nor will the Court entertain an argument that the arbitration agreement is invalid due to unconscionability at the evidentiary hearing.

### III.   <u>CONCLUSION</u>

The Court finds the following:

1.  A genuine issue of material fact exists as to the validity of the arbitration agreement;

2.  Pursuant to 9 U.S.C. § 4, the Court shall conduct an evidentiary hearing on November 22, 2021 at 1:30 P.M.; and,

3.  At the evidentiary hearing, the parties shall introduce evidence on the following issues:

    a.  Whether Wainscott entered a valid signature on the lease agreement; and,

    b.  Whether Wainscott was given the opportunity to review the lease agreement, including the arbitration clause, prior to the installation of the Equipment.

For the reasons stated above, the Court **DENIES** the Defendants' Motion to Compel Arbitration and to Dismiss or Otherwise Stay Proceedings Pending Arbitration (Doc. No. 9).

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, October 29, 2021.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE